IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00177-RJC-DCK

| | |
|---|---|
| BETTY P. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| A. PERRI, Doctor; ) | |
| SUSAN DENISE STUREGESS, ) | |
| M.D.; CAROLINAS MEDICAL ) | |
| MAIN, CONCORD, NC; ) | **ORDER** |
| PIEDMONT EMERGENCY ) | |
| MEDICINE ASSOCIATES, PA, ) | |
| CHARLOTTE-MECKLENBURG ) | |
| HOSPITAL AUTHORITY, ) | |
| *doing business as* CAROLINA ) | |
| MEDICAL CENTER – UNIVERSITY; ) | |
| TIM WOOD, Mecklenburg County ) | |
| Clerk; ATTORNEY CHRISTOPHER ) | |
| MAURIELLO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's Motion to proceed in forma pauperis, (Doc. No. 2), and her pro se complaint. (Doc. No. 1).

I.  BACKGROUND

On or about October 15, 2008, Plaintiff filed a pro se motion in Mecklenburg County Superior Court for an order extending the statute of limitations for her to file a medical malpractice action against most of the named defendants in this action.[1] The court granted the motion and extended the statute of limitations to February 17, 2009, so Plaintiff could have time

---

[1] This motion was filed just prior to the expiration of the three-year statute of limitations. See. e.g., Watson v. Price, 712 S.E.2d 154, 154 n.1 (N.C. App. Ct. 2011); N.C. Gen. Stat. § 1-52(16) (actions for personal injury, which includes claims for medical malpractice).

1

to engage a qualified individual to review the allegations to determine whether the medical treatment was within the standard of medical care that was applicable to the the Mecklenburg County area.[2]

Plaintiff retained attorney Defendant Mauriello to represent her in the malpractice action and he reviewed some of her medical records, and then drafted a complaint which alleged that Plaintiff was treated on or about October 21, 2005, at Carolinas Medical Center-University Hospital in Charlotte after suffering an apparent seizure.[3] During an attempt to intubate her she suffered severe injuries to her throat and she has continues to suffer serious physical complications after her discharge from the hospital. (Id. at 21-22).

Defendant Maureillo later withdrew from representation. As Plaintiff explains, her attorney withdrew due to her failure to pay his full pre-filing review fee. Plaintiff states that

---

[2] In order to bring a complaint for medical malpractice, a plaintiff must first comply with Rule 9(j) of the North Carolina Rules of Civil Practice which provides,

> (j) Medical malpractice. - Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 90-21.11(2)a. in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
>
> (1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
>
> (2) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
>
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen. Stat. 1A-1, Rule 9(j).

[3] The allegations in the complaint are taken as true for purposes of this initial review.

Mauriello gave her the complaint, which she signed, and instructed her to file it herself. (Id. at 27).[4] Plaintiff apparently filed the complaint but later took a voluntary dismissal.

On April 19, 2016, Plaintiff filed her complaint in this Court in which Plaintiff complains about a host of apparent injuries that she contends she suffered on October 21, 2005 that include, *inter alia*, injuries to her esophagus, thorax, thyroid and cervical spine. Plaintiff complains that this treatment amounted to a "Second Degree Lynching" and she alleges that she continues to experience pain following the procedure, both physical and mental. Plaintiff is seeking one million dollars from the defendants because they "conspired to violate my Civil Rights by intentionally concealing the internal Lynching that took place at the Carolina Medical Center/University . . . on October 21, 2005." (Id. at 1-2).

II.     STANDARD OF REVIEW

In addition to reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court must examine the complaint to determine whether this Court has jurisdiction and to ensure that the action is not (1) frivolous or malicious; or (2) that the complaint fails to state a claim upon which relief may be granted; or (3) that Plaintiff is seeking monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and (iii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners . . .").

In conducting this review, the Court must determine whether the complaint raises an

---

[4] Plaintiff includes a copy of a letter from Mr. Mauriello dated December 21, 2009, wherein he explains that he received some of Plaintiff's medical records but was in need of additional records before the physician, Dr. Cohen, could conduct his pre-filing review. (Id. at 30). Plaintiff includes a copy of a check in the amount of $4,000 made out to Mauriello which was apparently for a pre-filing review of her case. In a letter dated February 9, 2009, just seven days before the extended statute of limitations expired, Mauriello explains that he would not proceed with the case because Plaintiff did not comply with Rule 9(j). (Id. at 39).

3

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

III. DISCUSSION

Plaintiff contends that that the medical malpractice occurred during her treatment at Carolinas Medical Center-University Hospital on October 21, 2005. According to the record, the state statute of limitations for a medical malpractice claim ran in 2009 or 2010 (with the court-ordered extensions), and Plaintiff did not file the present complaint until April 19, 2016. The Court finds that the complaint should be dismissed because it is clearly outside the statute of limitations.

In Eriline Co. S.A. v. Johnson, 440 F.3d 648 (2006), the Fourth Circuit held the following:

> Although a court generally possesses no strong institutional interest in the enforcement of a statute of limitations, we have recognized that a statute of limitations defense may properly be raised sua sponte by a district court in certain narrow circumstances. Specifically, we have permitted sua sponte consideration of the statute of limitations when such a defense plainly appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, or a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915. As explained in Hill and Nasim, this deviation from the general rule— that a statute of limitations defense is waived if not timely raised by the defendant—is justified for two reasons. First, both habeas corpus and in forma pauperis proceedings, like failure to prosecute, abuse of process, and res judicata, implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation.

> Second, in both habeas corpus and in forma pauperis proceedings, the district courts are charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit.

Eriline Co. S.A., 440 F.3d at 655-56 (citations omitted).

Plaintiff also claims that the defendants have violated her civil rights. To the extent she contends that defendants violated her civil rights pursuant to 42 U.S.C. § 1983, this claim must fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49(1988) (internal citations omitted). It is beyond dispute that none of the defendants qualify as state actors therefore any claim for a violation of civil rights under § 1983 must fail.

In any event, a § 1983 proceeding would be barred by the three-year statute of limitations. See Owens v. Okure, 488 U.S. 235, 236 (1989) (noting court applies the forum state's statute of limitations). However, when determining whether the statute of limitations has accrued, the court applies principles of federal law. Nat'l Advert. Co. v. City of Raleigh, 947 F.2d 1158, 1162 (4th Cir. 1991). Federal law provides that a cause of action accrues when a plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 944 (4th Cir. 1995). Plaintiff's alleged injuries arose on October 21, 2005, and even if she is continuing to suffer lasting complications, which would be regrettable of course, she knew that those injuries stemmed from the October 21st treatment and as she notes, she has experienced pain continually since that time.

Based on the foregoing, the Court finds that this action should be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Defendant Mauriello's motion to dismiss is **DISMISSED as moot**. (Doc. No. 3).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: May 9, 2016

Robert J. Conrad, Jr.
United States District Judge